IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 13, 2024

**BRUCE DORSETT, II v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Coffee County**
**No. 45218F   James A. Turner, Judge[1]**

_____

**No. M2023-00918-CCA-R3-PC**

_____

Bruce Dorsett, II, Petitioner, filed an untimely petition for post-conviction relief after the entry of a guilty plea to several offenses. Petitioner requested equitable tolling of the statute of limitations. The post-conviction court determined Petitioner was entitled to neither statutory nor equitable tolling of the statute of limitations and, consequently, denied relief and dismissed the petition. Petitioner then filed an untimely notice of appeal. On appeal, Petitioner claims the post-conviction court erred in dismissing the petition without allowing Petitioner to amend it. We waive the timely filing of the notice of appeal but affirm the judgment of the post-conviction court because Petitioner failed to show he is entitled to tolling of the statute of limitations.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., and CAMILLE R. MCMULLEN, P.J., joined.

Bruce Dorsett, II, Hartsville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Craig Northcott, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

According to the petition for post-conviction relief, Petitioner pled guilty to one count of second degree murder, two counts of especially aggravated kidnapping, and one count of aggravated kidnapping on December 2, 2021. For those convictions, he received

_____

[1] Sitting by interchange.

a total effective sentence of 25 years.  According to the petition, Petitioner was represented by counsel at the guilty plea hearing.

The record contains no information as to the facts and circumstances surrounding the underlying offenses, no transcript of a guilty plea hearing, no judgments of conviction, and no mention of a direct appeal.  Petitioner filed a petition for post-conviction relief that was stamped filed May 4, 2023.  The post-conviction court deemed the petition filed on April 27, 2023, the date that Petitioner signed his petition, as witnessed by a notary public.

In the petition, the pro se petitioner acknowledged that the petition was untimely but requested equitable tolling of the statute of limitations "due to extraordinary circumstances beyond [Petitioner's] control."  In the petition, Petitioner alleged various problems with his guilty plea and/or sentence that would entitle him to post-conviction relief, including (1) recanted statements of two witnesses; (2) newly discovered evidence; (3) ineffective assistance of counsel; (4) egregious and improper prosecutorial misconduct; (5) constitutionally deficient trial court that was prejudiced and biased during sentencing; (6) insufficient evidence; (7) failure to consider mental culpability; (8) inappropriate sentencing; (9) actual innocence; and (10) statute of limitations.  Confusingly, in addition to seeking post-conviction relief, Petitioner seems to seek relief via Tennessee Rule of Criminal Procedure 36.1.

The post-conviction court entered an order denying relief and dismissing the petition on May 11, 2023.  In the order, the post-conviction court noted that the "only statutory basis for tolling" alleged in the petition was the discovery of new evidence that seemed "to relate to the alleged recanted statements" of two witnesses.  Because Petitioner did not establish the content of the videos or how the statements of the witnesses were used, the post-conviction court determined the petition failed to establish a basis for tolling the statute of limitations and, "at best" related to trial counsel's effectiveness in investigating witnesses and enforcing discovery rules.  Likewise, the post-conviction court determined that Petitioner failed to establish any ground that would entitle him to due process tolling of the statute of limitations because he did not provide a factual basis to prove that his post-conviction claim was based on a right that was not recognized at the time of his convictions, did not directly allege that his mental incompetency necessitated tolling the statute of limitations, and failed to establish that attorney negligence or misconduct prevented timely filing of the petition.

Petitioner appealed.

*Analysis*

At the outset of our analysis, we must address the timeliness of the notice of appeal. The post-conviction court denied relief on May 11, 2023. The notice of appeal was signed by Petitioner on June 12, 2023, but was not filed until June 21, 2023. The State acknowledged the untimeliness in its brief to this Court. Petitioner did not explain the delay. Tennessee Rule of Appellate Procedure 4(a) states that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from. . . ." A notice of appeal is not jurisdictional, and the requirement for a timely notice of appeal may be waived in the interest of justice. Tenn. R. App. P. 4(a). "In determining whether waiver is appropriate, this [c]ourt will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005). Despite the lack of a response from Petitioner as to the untimeliness, we acknowledge that the notice of appeal was untimely by only two days. Thus, we conclude that the "interest of justice" is best served by granting a waiver in this case.

Turning now to the timeliness of the post-conviction petition, Tennessee Code Annotated section 40-30-102(a) mandates that the one-year statute of limitations begins running from "the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, one (1) year from the date on which the judgment became final[.]" Given that Petitioner did not appeal his guilty plea, the one-year time limit began running on January 2, 2022, the date of the guilty plea became final, according to the post-conviction petition. Because Petitioner did not file the petition until May 4, 2023, more than four months after the one-year statute of limitation expired, his petition for post-conviction relief is time-barred.

There are exceptions to the statute of limitations for petitions for post-conviction relief. *See, e.g.*, T.C.A. § 40-30-102(b). None are applicable to this case. Instead, Petitioner relies on theories of equitable tolling and due process considerations to toll the statute of limitations for post-conviction relief. The Tennessee Supreme Court has identified three circumstances in which due process requires tolling of the statute of limitations: (1) claims arising after the statute of limitations has expired; (2) claims based on mental incompetence that prevented the petitioner from complying with the statute of limitations; and (3) claims based on attorney misconduct. *Whitehead v. State*, 402 S.W.3d 615, 623-24 (Tenn. 2013). So, to succeed, a petitioner must provide sufficient facts that prove one of these limited circumstances affected the filing of his post-conviction petition. *Williams v. State*, No. W2011-00202-CCA-R3-PC, 2011 WL 2410364, at *1-2 (Tenn. Crim. App. June 9, 2011), *perm. app. denied*, (Tenn. Oct. 18, 2011). Absent sufficient facts establishing a petitioner is entitled to due process tolling, an untimely petition must be dismissed. *Id.* "The question of whether the post-conviction statute of limitations

should be tolled is a mixed question of law and fact that is . . . subject to de novo review." *Id.* at 621 (citing *Smith v. State*, 357 S.W.3d 322, 355 (Tenn. 2011)). Despite reviewing the post-conviction court's decision de novo, we are bound by the post-conviction court's factual findings unless the evidence preponderates to the contrary. *Id.*

Here, on appeal, Petitioner's unsigned brief argues only that the post-conviction court erred in dismissing the petition based on timeliness where Petitioner's mental incompetence prevented him from timely filing the petition. He does not challenge the post-conviction court's conclusions based on the other two scenarios in *Whitehead* requiring tolling. Petitioner acknowledges that he did not directly allege that his mental incompetence prevented him somehow from timely filing his petition but argues that had he been given the chance, he would have filed an amended petition in which he "would have more clearly alleged it and proved it." The State argues that Petitioner "made no allegation that he was incompetent in the petition." One entire section of the petition, however, is entitled "Faliure [sic] to Consider Mental History." In this section, Petitioner does not allege that his mental incompetence somehow prevented him from filing the petition. He does argues that the trial court failed to consider his mental incompetence in considering his ability to form the mens rea to commit the offenses for which he pled guilty. However, as noted by the post-conviction court, Petitioner failed to include specific factual allegations that demonstrate how his incompetence prevented him from filing the petition in a timely fashion. The evidence does not preponderate against this factual finding. The post-conviction court properly denied relief and dismissed the petition on this claim.

As to Petitioner's argument that the post-conviction court erred by refusing to give Petitioner a chance to amend the petition, we note that a post-conviction court "may" allow a petition to amend a petition within 15 days. T.C.A. § 40-30-106(d). Here, where Petitioner failed to file his petition within the statute of limitations and has not alleged any facts to explain why he failed to file his petition within the statute of limitations, we cannot conclude that the trial court erred by denying relief and dismissing the petition without allowing Petitioner an opportunity to amend it. Consequently, we affirm the judgment of the post-conviction court.

*CONCLUSION*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE

- 4 -